UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

TONY LEE WALDROP, )
 )
    Plaintiff, )
 )
vs. ) CIVIL ACTION No. CV-97-S-0150-NE
 )
MITCHELL LOVE, individually; )
ERIK RYAN, individually; )
KENNETH WALKER, individually; )
et al., )
 )
    Defendants. )



ENTERED
APR 17 1997


## MEMORANDUM OPINION

This action arises out of plaintiff's January 22, 1995 arrest and detention by defendants, who are Cullman County deputy sheriffs, and the subsequent criminal prosecution related to that arrest. Defendants move to dismiss plaintiff's complaint, asserting qualified immunity. Their motion is due to be granted.

### I. PLAINTIFF'S CLAIMS

Plaintiff brings claims against defendants Mitchell Love, Erik Ryan, and Kenneth Walker based on 42 U.S.C. § 1983 for alleged violations of rights secured under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (Plaintiff's Complaint, ¶¶ 1-13.) Plaintiff also asserts pendent state law claims against those three defendants for assault and battery and false imprisonment. (Plaintiff's First Amendment to Complaint, at 2-3.) In addition, plaintiff brings state law claims for outrage and malicious prosecution against defendant Kenneth Walker. (Id., 3-5.) All claims are presented against defendants in their <u>individual</u> capacities only.

## II. PLAINTIFF'S § 1983 CLAIMS

Plaintiff's claims based on 42 U.S.C. § 1983 assert violations of his rights secured by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Several of those claims are not cognizable under the constitutional amendments plaintiff has asserted.

### A. Fifth Amendment

The Fifth Amendment's Due Process Clause applies only to the federal government. *Knoetze v. United States*, 634 F.2d 207, 211 (5th Cir.), *cert. denied*, 454 U.S. 823, 102 S.Ct. 109, 70 L.Ed.2d 95 (1981)(citing *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972)). Defendants are not agents or employees of the federal government. Therefore, plaintiff's Fifth Amendment claim must fail.

### B. Excessive Force

Plaintiff alleges that defendants

> did wrongfully and maliciously assault, beat, hit, strike, and injure the Plaintiff Tony Lee Waldrop in and about his body by use of wrongful and illegal and unreasonable and excessive physical force and violence, and/or did wrongfully and maliciously and knowingly permit, condone or otherwise aid, abet, assist and sanction same; all of which was done as "police" or law-officer acts and actions under color of State law and without due process of law and against the will, wishes and objections of Plaintiff Tony Lee Waldrop.

(Plaintiff's Complaint, ¶ 8.) Defendants argue that such a claim "should be analyzed, if at all, under the Fourth Amendment only." (Defendant's Brief, at 2.)

The deputy sheriffs sued in *Tinney v. Shores*, 77 F.3d 378 (11th Cir. 1996), went one step farther than defendants in this

case. The plaintiffs in that case, Joe and Lisa Tinney, claimed the defendant deputies violated their Fourth Amendment rights and their substantive due process rights under the Fourteenth Amendment when those defendants participated in the seizure of their mobile home. The district court granted defendants' motion for summary judgment on the Tinneys' Fourth Amendment claim on qualified immunity grounds, but denied the motion as to the Fourteenth Amendment due process claim. Defendants then filed an interlocutory appeal on the district court's denial of qualified immunity of the Fourteenth Amendment claim. *Tinney*, 77 F.3d at 380. Defendants argued that the district court erred in not granting their motion for summary judgment on the Tinneys' Fourteenth Amendment substantive due process claim, because "the Fourth Amendment provides whatever protection, if any, the constitution guarantees in a seizure case like this one." *Id.*, at 381. The Eleventh Circuit agreed and reversed.

> In *Graham* [*v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)], the Supreme Court held that where a particular amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing" the claim. *Id.* at 395, 109 S.Ct. at 1871. *Graham* involved a claim that law enforcement officers used excessive force during an investigatory stop. The Court held that all cases involving allegations of the use of excessive force in an arrest, an investigatory stop, or any other seizure, should be analyzed under the Fourth Amendment. *Id.*
>
> More recently, in *Albright v. Oliver*, the Supreme Court held that an allegation of prosecution without probable cause must also be analyzed under the Fourth Amendment, without reference to the more general considerations of substantive due process. ___ U.S. ___, ___, 114 S.Ct. 807, 817, 127 L.Ed.2d 114 (1994). "The

3

> protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation and the right to bodily integrity ..." *Albright*, __ U.S. at __, 114 S.Ct. at 812.
>
> *Soldal v. Cook County* makes clear that the Fourth Amendment is the textual source of the Tinneys' constitutional protection. In *Soldal*, the Supreme Court held that police officers' participation in the seizing and carrying away of a family's mobile home was a seizure under the Fourth Amendment. 506 U.S. 56, 71-72, 113 S.Ct. 538, 549, 121 L.Ed.2d 450 (1992). Thus, the Tinneys' substantive due process claim is foreclosed by *Albright* and *Soldal*. Because the Tinneys have failed to assert a cognizable constitutional claim, the district court erred by denying Appellants['] summary judgment.

*Tinney*, 77 F.3d at 381.

Plaintiff herein alleges that defendants' use of excessive force in his arrest was "without due process of law," and thereby violated the Fourteenth Amendment. (Plaintiff's Complaint, ¶ 8.) Following the guidance of *Graham*, *Albright*, and *Tinney*, this court concludes that such a claim is foreclosed. Plaintiff has not asserted a Fourth Amendment violation. Therefore, the complaint "fails to assert a cognizable constitutional claim" for defendants' alleged use of excessive force in plaintiff's arrest. *Id.*

C. **False Arrest**

Plaintiff claims he was "unlawfully arrested and incarcerated ... without probable cause or a valid warrant of arrest." (Plaintiff's Complaint, ¶ 7.) "A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim." *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996)(citing *Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990)). But, as previously noted, plaintiff has not alleged a Fourth Amendment violation. Again, therefore, based on

4

the reasoning in *Graham*, *Albright*, and *Tinney*, plaintiff's claim for false arrest based on the more generalized notions of substantive due process under the Fourteenth Amendment also is foreclosed, because the Fourth Amendment "provides an explicit textual source of Constitutional protection." *Graham*, 490 U.S. at 395, 109 S.Ct. at 1871. Thus, plaintiff has failed to present a cognizable constitutional claim under the Fourteenth Amendment for his alleged false arrest.

D. **Plaintiff's Fourteenth Amendment Claims**

Plaintiff does present two cognizable claims under the substantive due process clause of the Fourteenth Amendment, however: a claim that he was denied medical care; and, a claim that defendants wrongfully delayed in allowing his release from jail on bond.

1. **Denial of medical care**

Plaintiff generally alleges he was wrongfully denied medical care; he does not specifically state whether that claim is bottomed on the Eighth Amendment's proscription of cruel and unusual punishment,[1] or the Fourteenth Amendment's substantive due process clause.

> Defendants separately and severally did wrongfully withhold, decline refuse or otherwise deprive the said Plaintiff of much needed medical care, treatment and attention for himself, even though he requested and demanded same, and even though he was in great pain and in need of same.

(Plaintiff's Complaint, ¶ 9.)

---

[1] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

5

It is well-settled that Eighth Amendment prohibitions against cruel and unusual punishment do not apply to arrestees or pretrial detainees, but only convicted prisoners. *See, e.g., Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40, 97 S.Ct. 1401, 1412-13 n.40, 51 L.Ed.2d 711 (1977). Even so, Eighth Amendment rights of prisoners are analogized to those of pretrial detainees under the Fourteenth Amendment, to avoid the anomaly of extending greater constitutional protection to a convict than to one awaiting trial. *See Roberts v. City of Troy*, 773 F.2d 720, 722 (6th Cir. 1985). The Eleventh Circuit holds that, "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care, the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. Dekalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985) *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986); *see also City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983)("the due process rights of a [pretrial detainee] are at least as great as the Eighth Amendment protections available to a convicted prisoner").

In *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied*, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977), the Supreme Court held

> that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to prisoner's needs or by prison guards in intentionally

6

> denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Id.*, 429 U.S. at 104, 97 S.Ct. at 291 (quoting *Gregg v. Georgia*, 428 U.S. 153, 182-83, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)(joint opinion of Stewart, Powell, and Stevens, JJ.)). The Supreme Court later proscribed that same conduct in relation to pretrial detainees. *City of Revere*, 463 U.S. at 244-45, 103 S.Ct. at 2983. Thus, plaintiff has presented a cognizable Fourteenth Amendment Due Process claim for defendants' alleged failure to provide adequate medical care.

### 2. Denial of Release on Bond

Plaintiff alleges that

> [o]n or about January 22, 1995, Defendants wrongfully denied and or refused the Plaintiff Tony Lee Waldrop an opportunity to make a release bond, and thus caused him to be incarcerated continuously for many hours, which acts and actions and omissions caused and/or intensified the pain and suffering which the said Plaintiff was experiencing.

(Plaintiff's Complaint, ¶ 10.) The Eleventh Circuit has recently held that "[a] false imprisonment claim under section 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). Thus, plaintiff has presented a cognizable Fourteenth Amendment Due Process claim for defendants' alleged delay in releasing him from prison.

7

## III.  QUALIFIED IMMUNITY

Qualified immunity insulates governmental officials in their individual capacities from civil lawsuits, so long as the challenged discretionary conduct does not violate clearly established federal statutory or constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Adams v. Poag*, 61 F.3d 1537 (11th Cir.), *reh'g denied*, 70 F.3d 1287 (11th Cir. 1995). "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Anderson v. Creighton*, 483 U.S. 635, 646, 107 S.Ct. 3034, 3042, 97 L.Ed.2d 523 (1987). Qualified immunity is intended to give officials the ability to anticipate when their conduct may give rise to liability for damages. *See Anderson*, 483 U.S. at 645, 107 S.Ct. at 3042 ("Where [the qualified immunity] rule is applicable, officials can know that they will not be held personally liable as long as their actions are reasonable in light of current American law").

In *Harlow*, the Court established an objective standard to make dispositive motions an appropriate device to "avoid excessive disruption of government and permit the resolution of many insubstantial claims...." *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. "Until this threshold immunity question is resolved, discovery should not be allowed." *Id.*, 457 U.S. at 818, 102 S.Ct. at 2738; *see Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789,

8

1793, 114 L.Ed.2d 277 (1991)("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery"). Thus, "qualified immunity questions should be resolved at the earliest possible stage of litigation," either in a motion to dismiss, or, after discovery on the limited question of objective reasonableness of the challenged action, in a motion for summary judgment. *Anderson*, 483 U.S. at 646 n.6, 107 S.Ct. at 3042 n.6.

The burden placed on a plaintiff opposing a qualified immunity defense is onerous. Plaintiff does not satisfy his burden by simply alleging defendants violated some constitutional provision, and hence violated a constitutional right. Rather, the Supreme Court has established "that the right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant sense." *Anderson*, 483 U.S. at 640, 107 S.Ct. at 3039.

> <u>A plaintiff must establish more than broad legal truisms;</u> he or she must demonstrate that the law fixed the contours of the right so clearly that a reasonable official would have understood his acts were unlawful. ... Thus, "pre-existing law must dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." *Lassiter v. Alabama A & M University, Bd. of Trustees*, 28 F.3d 1146, 1150 (11th Cir. 1994)(en banc). Moreover officials need not "be creative or imaginative in drawing analogies from previously decided cases.'" *Id.* at 1150. (citations omitted).

9

*Dolihite v. Maughon*, 74 F.3d 1027, 1040-41 (11th Cir.), cert. denied, ___ U.S. ___, 117 S.Ct. 185, 136 L.Ed.2d 123 (1996)(emphasis added).

With regard to the two cognizable § 1983 claims that plaintiff has asserted against defendants in their individual capacities — denial of medical care and denial of release on bond — plaintiff must sufficiently develop the underlying facts and legal arguments supporting those claims to survive defendants' qualified immunity defenses. He failed to do so. There are two reasons for that conclusion: (1) the complaint fails to comply with the heightened pleading requirement for § 1983 claims; and, (2) plaintiff failed to establish a violation of clearly established rights.

### 1. Heightened Pleading Requirement for § 1983 claims

In an effort to eliminate non-meritorious claims on the pleadings, and, to protect public officials from protracted litigation involving specious claims, the Eleventh Circuit, as well as others, has held that a plaintiff must meet a "heightened pleading" standard to survive a motion to dismiss § 1983 claims. *Oladeinde v. City of Birmingham, Alabama*, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied, sub nom. Deutcsh v. Oladeinde*, 507 U.S. 987, 113 S.Ct. 1586, 123 L.Ed.2d 153 (1993). District courts are cautioned against finding qualified immunity based solely on the heightened pleading standard, if the plaintiff has not had a sufficient opportunity to respond. As the Fifth Circuit put it, "[w]here the plaintiff has filed only one pleading ... immediate dismissal [on qualified immunity grounds] ordinarily is not

10

justified." *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 996 (5th Cir.), *cert. denied*, ___ U.S. ___, 115 S.Ct. 2555, 132 L.Ed.2d 809 (1995). On the other hand, district courts must dismiss complaints where "the plaintiff [has] pleaded his best case" and still fails to satisfy the heightened pleading requirement. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

Plaintiff had approximately one month to respond to defendants' motion to dismiss and their asserted qualified immunity defenses, but has come forward with no additional facts other than what was presented in the complaint. Plaintiff clearly was aware of the heightened pleading requirement, because his response to the motion to dismiss argues that:

> the complaint, that is, the factual allegations in support of his claims, is sufficiently detailed and complete so that Defendants can clearly understand and know the basis of Plaintiff's claims. Plaintiff's complaint alleges, with specificity, the facts forming the basis of his claims; that factual detail is adequate to allow the complaint to survive a 12(b)(6) motion. Plaintiff's complaint clearly complies with the "heightened Rule 8" pleading requirements in § 1983 cases.

(Plaintiff's Response, at 3.) Plaintiff does not contend that he should be allowed to amend his complaint but, instead, argues that his complaint will suffice. Thus, this court presumes plaintiff has pled his best case. *See Jacquez*, 801 F.2d at 793 (where "plaintiff responds specifically to defendants' objection that the complaint contains insufficient facts to maintain a cause of action" and "declares the adequacy of his complaint ... [w]e must assume ... that the plaintiff pleaded his best case").

11

Initially, this court notes that plaintiff has failed to "plead the personal involvement of each defendant with specificity and with sufficient facts to overcome a likely defense of immunity." *Rallis v. Stone*, 821 F. Supp. 466, 470 (E.D. Mich. 1993). Due to the heightened pleading requirement, his complaint must contain more than mere conclusory allegations; instead, it must address the "five w's": who, what, when, where, and why. It must provide "some factual detail" as to what actions by which officials violated which specific, clearly established, constitutional rights. *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *see also Awalt v. Whalen*, 809 F. Supp. 414, 416 (E.D. Va. 1992)(to withstand heightened pleading requirement, plaintiff must allege "who did what to whom and why"). Thus, plaintiff's complaint should be dismissed for failing to allege the specific involvement of each defendant.

Plaintiff's claims suffer from more serious defects than the failure to allege the personal involvement of defendants, however. Plaintiff has utterly failed to present anything other than conclusory allegations and broad legal truisms in both his complaint and his response to defendants' motion to dismiss.

> [B]ecause conclusory allegations of unconstitutional or otherwise illegal conduct will not withstand a public official's dispositive pretrial motion [based on qualified immunity], and because plaintiffs cannot expect the court's assistance in obtaining the necessary factual support, plaintiffs bringing suit against public officials generally must put forward, <u>in their complaints or other supporting materials</u>, greater factual specificity and "particularity" than is usually required.

12

*Martin v. Malhoyt*, 830 F.2d 237, 257 (D.C. Cir.), *reh'g denied*, 833 F.2d 1049 (D.C. Cir. 1987)(emphasis added). "[P]laintiffs must, at the very least, specify the 'clearly established' rights they allege to have been violated with sufficient precision to put defendants on notice of the nature of the claim and enable them to prepare a response [based on] qualified immunity." *Dunbar Corp. v. Lindsey*, 905 F.2d 754, 763 (4th Cir. 1990).

Despite having had ample time to present sufficient factual and legal development to the court to support his claim, plaintiff has failed to do so. His complaint does nothing more than state conclusory allegations, with little factual development. Here are but a few examples of the conclusory allegations contained in plaintiff's complaint: (1) defendants "unlawfully arrested and incarcerated him"; (2) defendants used "wrongful and illegal and unreasonable and excessive physical force and violence" when arresting him; (3) defendants "did wrongfully withhold, decline, refuse or otherwise deprive ... Plaintiff of much needed medical care"; (4) defendants "wrongfully denied ... Plaintiff ... an opportunity to make release bond." (Plaintiff's Complaint, 2-5.)

Further, once defendants asserted qualified immunity defenses, plaintiff responded merely by citing to general propositions of law. The failure to provide more than "broad legal truisms" is fatal to plaintiff's claims because he has failed to present legal authority that "truly compel[s] ... the conclusion ... that what defendant[s are] doing violates federal law in the circumstances."

13

*Lassiter v. Alabama A & M University, Bd. of Trustees*, 28 F.3d 1146, 1150 (11th Cir. 1994)(en banc).

Accordingly, this court concludes that each defendant is entitled to qualified immunity on all constitutional claims. To allow plaintiff's claims to proceed to discovery on such bare and unsupported allegations "would only subject the defendants to exactly those hardships the immunity doctrine is supposed to relieve." *Jacquez*, 801 F.2d at 792.

### 2. Plaintiff's Fourteenth Amendment Claims

Despite having determined that defendants are entitled to qualified immunity on all claims, because plaintiff failed to properly plead his case, and because he did not sufficiently oppose defendants' motion to dismiss, this court nevertheless will address the validity of the two Fourteenth Amendment claims presented. Plaintiff failed to show a violation of a clearly established right under either claim.

#### (a) Plaintiff's Medical Care Claim

Plaintiff claims he was deprived of "much needed medical care." (Plaintiff's Complaint, ¶ 9.) He says he suffered "bruises contusion and other injuries to his body in and about the face, back, hip and legs and foot; ... [and] he suffered a severe fracture to his hand." (*Id.*, ¶ 11.) To overcome defendants' qualified immunity, plaintiff must sufficiently allege that defendants acted with deliberate indifference to his <u>serious</u> medical needs. However, if the medical need allegedly ignored is not "serious," then there is no constitutional violation.

14

The Eleventh Circuit has delineated the following standard as "the appropriate and guiding principle by which to gauge 'serious medical needs' of prisoners": "a 'serious medical need' is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1187 (11th Cir. 1994)(quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D. N.H. 1977)). Plaintiff has failed to establish that he did, in fact have a <u>serious</u> medical need. First, plaintiff has not presented any evidence that a physician diagnosed his condition as one mandating treatment. Additionally, plaintiff has not alleged that his condition was such that a lay person would recognize the necessity for a doctor's attention. Although plaintiff alleged he had injuries (i.e., a broken hand, bruises, and contusions), he has not presented any facts that would suggest those alleged injuries were of such a nature that a lay person would easily recognize the need for medical attention. *See Davis v. Jones*, 936 F.2d 971, 972 (7th Cir.), *reh'g denied*, 946 F.2d 538 (7th Cir. 1991)(police officers must obtain medical attention for a pretrial detainee only when the injury objectively appears serious). Even if plaintiff could establish a "serious" medical condition, his complaint and response to defendants' motion are still fatally flawed, because he does not allege facts with sufficient particularity to suggest that defendants' delay or denial of medical care was unreasonable. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995)(two hour delay

15

between time prisoner broke his hand and when he was taken to the hospital was not unreasonable); *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988)(fourteen hour delay in medical treatment "did not violate his constitutional rights," cuts and bruises were "not a serious injury" and "did not require either stitches or painkillers").

Plaintiff thus has failed to allege facts with sufficient particularity to show either a serious medical need, or that defendants unreasonably withheld medical attention. For those reasons, he failed to show the violation of a clearly established constitutional right. Accordingly, defendants are entitled to qualified immunity on plaintiff's denial of medical care claim.

### (b) Plaintiff's False Imprisonment Claim

Plaintiff alleges he was wrongfully denied the opportunity to post bond "on or about January 22, 1996," and was "thus caused ... to be incarcerated for many hours." (Plaintiff's Complaint, ¶ 10.) The Supreme Court has noted that arrestees are entitled to a "prompt" judicial determination of probable cause following an arrest made without a warrant and ensuing detention. *Gerstein v. Pugh*, 420 U.S. 103, 125, 95 S.Ct. 854, 868-69, 43 L.Ed.2d 54 (1975). Plaintiff alleges that defendants' denial caused him to be held "for many hours ... on or about January 22, 1996." (Plaintiff's Complaint, ¶ 10.) However, he has failed to specifically allege the length of his detention.

The Supreme Court held that a warrantless arrest and detention based on probable cause that lasts less that 48 hours does not

16

constitute a constitutional deprivation. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56, 111 S.Ct. 1661, 1670, 114 L.Ed.2d 49 (1991); *see also Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed. 2d 433 (1979)("a detention of three days ... does not and could not amount to ... a deprivation of ... 'liberty ... without due process of law'").

Thus, plaintiff's claim that he was detained "for many hours" fails to establish a violation of a clearly established constitutional right. Accordingly, defendants are entitled to qualified immunity on that claim.

## IV.  PLAINTIFF'S STATE LAW CLAIMS

Alabama grants sovereign immunity to its state executive officers pursuant to Article I, § 14 of the Alabama Constitution of 1901, which states that "the State of Alabama shall never be made a defendant in any court of law or equity." Further, under Alabama law, both sheriffs[2] and deputy sheriffs are considered executive officers of the state. *See Phillips v. Thomas*, 555 So. 2d 81, 83 (Ala. 1989). Section 14 immunity extends to officers sued in both their official and individual capacities. *Alexander v. Hatfield*, 652 So. 2d 1142, 1143 (Ala. 1995); *see also McMillan v. Johnson*, 101 F.3d 1363, 1365 (11th Cir. 1996)("under Alabama law, a claim against an Alabama sheriff in his individual capacity is barred by the doctrine of sovereign immunity"); *Tinney v. Shores*, 77 F.3d

---

[2] Article V, § 112, Alabama Constitution (1901), provides: "The executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, <u>and a sheriff for each county</u>." (Emphasis supplied.)

17

378, 383 n.3 (11th Cir. 1996)("Alabama law affords § 14 immunity to state officers sued in both their official and individual capacities")(citations omitted).

"[A] deputy sheriff is afforded the same immunity from suit as a sheriff in regard to claims for monetary damages stemming from activities performed while working in the line and scope of his or her employment." *Purvis v. Mobile County*, 1996 WL 698004 (Ala. Dec. 6, 1996)(citing *Alexander v. Hatfield*, 652 So. 2d 1142 (Ala. 1994)); see also *Wright v. Bailey*, 611 So. 2d 300, 303 (Ala. 1992)("A deputy is legally an extension of the sheriff. If the deputy's acts are generally considered the acts of the sheriff, it is logical that those acts should enjoy the same immunity covering the sheriff's own acts.")(citations omitted).

Each of plaintiff's state law claims stem "from activities performed while [defendants were] working in the line and scope of ... [their] employment." *Purvis v. Mobile County*, 1996 WL 698004 (Ala. Dec. 6, 1996); see also *McMillian v. Johnson*, 101 F.3d 1363, 1365 (11th Cir. 1997)(holding district court erred in not applying § 14 sovereign immunity defense to bar plaintiff's claims for malicious prosecution and outrage).

Thus, plaintiff's pendent state law claims must be barred, unless they fall within some exception to sovereign immunity. The only exceptions to sovereign immunity extended to sheriffs or deputy sheriffs are actions brought:

> (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority,

18

> or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

*Parker v. Amerson*, 519 So. 2d 442, 443 (Ala. 1987). Plaintiff does not seek any of the foregoing relief, however; rather, he only seeks damages. Thus, as plaintiff himself concedes, "[a]ccording to *Tinney*, Plaintiff's state law claims must fail, and so Defendant's motion to dismiss those claims is due to be granted." (Plaintiff's Response, at 3 (emphasis in original).)

## V. CONCLUSION

For all of the foregoing reasons, defendants' motion to dismiss is due to be granted. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 17th day of April, 1997.

_____
United States District Judge

19